UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> EDGAR MEDINA; ALIJAH ) <br> PARSONS; ANDRES GARAY; IRVING ) <br> MEDINA; and RONALD HALL, ) <br> Defendants. ) <br> ) | C.A. No. 21-62-JJM-PAS |

ORDER

The Government asks the Court to reconsider whether a law enforcement officer may reasonably rely on a warrant when the primary affidavit fails to show probable cause and the supporting affidavit is not attached to the application. ECF Nos. 264 and 268. Citing the First Circuit's holding in *United States v. Sheehan*, 70 F.4th 36 (1st Cir. 2023), the Court held that such an error was not entitled to the good-faith exception.[1] ECF No. 262.

A motion for reconsideration is "an extraordinary remedy" that should not be used to reargue legal theories "[u]nless the court has misapprehended some material fact or point of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). The Court finds the First Circuit's reasoning to be conclusive on this issue and thus declines to reconsider. *United States v. Guerrero*, 19 F.4th 547, 550 (1st Cir. 2021)

---

[1] The Court reached this conclusion after full briefing and a two-day hearing on the merits, prior to which—due to the number of issues raised in various Motions to Suppress—the Court took the unprecedented step of releasing a draft opinion.

(under "law of the circuit" doctrine, an appellate panel decision is binding on district courts in that circuit).

## A.  No Manifest Error of Law

The good-faith exception does not apply when the warrant affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon*, 468 U.S. 897, 923 (1984)). In *Sheehan*, the First Circuit held that an affidavit lacking probable cause was not saved where the supporting affidavit was neither attached nor expressly incorporated. 70 F.4th at 50. The court noted that a Magistrate Judge may not consider "*unattached and external materials to which an affiant has only obliquely alluded*" and rejected the Government's argument that such materials "need not physically accompany a warrant application that is presented to a magistrate." *Id.* (emphasis added). "Under . . . established circuit precedent, incorporation would require both suitable words to that effect and the attachment of the affidavit." *Id.* When the resulting warrant is entirely "lacking in indicia of probable cause," an officer "cannot be said to have relied on [it] in good faith." *Id.* at 51.

This language could hardly be clearer. The Government urges that this case is distinct because Inspector Atwood believed, in good faith, that the affidavits were attached and included express words of incorporation to that effect. ECF No. 268 at 3. A filing error that results in a warrant lacking probable cause, in other words, should be distinguished from a "conscious drafting [decision]" where the affiant "deliberately" fails to allege facts to show probable cause. *Id.* at 4. This may be a

compelling distinction, but the Court finds insufficient authority in *Sheehan* to support it.[2] The First Circuit based its analysis on the objective unreasonableness of Officer Puricelli's conduct, not her "deliberateness and culpability," emphasizing that "[w]e do not read *Herring* to require an additional or individualized assessment of the deliberateness and culpability of police conduct in such circumstances." *Sheehan*, 70 F.4th at 54-55. The Court is not free to contradict this plain-spoken reasoning.

Good faith is an objective standard, and the Supreme Court has cautioned that "sending state and federal courts on an expedition into the minds of police officers would produce a grave and fruitless misallocation of judicial resources." *Leon*, 468 U.S. at 922 n.23. Inspector Atwood swore out the warrant application after the materials were submitted, and the application lacked the affidavit showing probable cause. ECF No. 177-1 at 3-4. The First Circuit requires the Court to deny the good-faith exception on these grounds.

## B. No Misapprehension of Evidence

This case is distinct because—unlike *Sheehan*—the error happened more than once. The Government argues that "[i]n total, the Court appears to believe that there

---

[2] The Court disagrees that *Sheehan* "holds that the good-faith exception does not apply to an officer when *all* that the officer . . . intended to present to the magistrate in support of a search warrant application is a bare-bones affidavit . . . ." ECF No. 268 at 3. Officer Puricelli intended to submit a warrant affidavit that included adequate facts showing probable cause, just as Inspector Atwood intended to submit a completed application packet. And while Officer Puricelli's belief was relevant to the issue of incorporation (*see Sheehan*, 70 F.4th at 53 n.5), it is a step too far to suggest that an officer's mistaken belief, standing alone, will cure a missing affidavit or save a warrant that is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," particularly in a situation like this, where the officer in question signed off on the application. *Id.* at 51.

3

were nineteen instances ... in which the government failed to use suitable incorporation language or attach exhibits – and that these nineteen instances are indicative of 'systemic error.'" ECF No. 268 at 11. Noting that incorporation errors matter only when probable cause is at issue, the Government now invites the Court to reevaluate every warrant filed in the case as Exhibits to this Motion.

This is not an accurate statement of the Court's reasoning. The Court stated—based on the record before it at the time—that "in canvassing the fifty-eight warrants in this case, the Government failed to disclose and identify at least one additional warrant that lacked probable cause due to an incorporation error."[3] ECF No. 262 at 37 n.26. It was the Government's failure to catch the mistake (and the resulting ambiguity that this injected into the record), that raised concerns as to systemic error.

As to the total number, the Court identified two warrants in a single case that were issued without probable cause. *Id.* at 41, 58-59. This is more than in *Herring v. United States*, 555 U.S. 135, 147 (2009) (officer testified that the error had "never" happened before), more than in *Arizona v. Evans*, 514 U.S. 1, 15 (1995) (error occurred "once every three or four years"), and more than enough to validate these concerns. The Court's reasoning did not turn on systemic error—it was based on

---

[3] This observation was based on materials in the Government's filings, which included a detailed list of most, if not all warrants issued in the case. ECF No. 177-1 at 5-7. The warrant at issue in Andres Garay's Motion to Suppress (ECF No. 215) was not flagged for review, nor was it identified in the Government's email to Defendants. ECF No. 183-1 at 2. The Court noted that "[t]he fact that the Government made the same error multiple times—and then was unable to quickly locate all instances of the error—gives the Court pause in blessing a warrant that was devoid of probable cause." ECF No. 262 at 58.

4

*Sheehan*—but either rationale would have sufficed to establish that the good-faith exception should be denied.

### CONCLUSION

For these reasons, the Government's Motion is DENIED. ECF No. 264.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

March 12, 2024