## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No. 21-cr-62-JJM-PAS |
| EDGAR MEDINA; ALIJAH | ) |
| PARSONS; and ANDRES GARAY, | ) |
| Defendants. | ) |
| | ) |

## ORDER

Edgar Medina, Alijah Parsons, and Andres Garay (collectively, "the Defendants") are accused of kidnapping a United States Postal Service ("USPS") employee as part of an alleged conspiracy to distribute cocaine.[1]  ECF No. 81.  In anticipation of trial, the Defendants have filed six evidentiary motions.  ECF Nos. 346, 347, 348, 349, 364, 365.  The Court will now review and rule on these motions in turn.

## I.    BACKGROUND

For the purposes of ruling on the Defendants' motions, the Court will briefly recite the relevant factual and procedural history of the case.

---

[1] There are two more defendants that were charged in this case, Irving Medina and Ronald Hall.  Mr. Irving Medina has pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine.  *See* ECF No. 280; *see also* ECF No. 317.  Mr. Hall has pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and kidnapping.  *See* ECF No. 362.
    References in this opinion to "Mr. Medina" are to Edgar Medina.  References in this opinion to "the Defendants" are to Mr. Medina, Ms. Parsons, and Mr. Garay, specifically.

On June 1, 2021, two masked men—later alleged to be Mr. Medina and Mr. Hall—kidnapped a USPS employee and questioned him about a package that had been delivered empty. *See United States v. Medina*, 712 F. Supp. 3d 226, 233 (D.R.I. 2024). The employee was later released without incident, and the United States Postal Inspection Service ("USPIS") launched an investigation of the abduction. *Id.*

"Based on queries of the initial package, USPIS identified other packages that had been mailed from Puerto Rico with false names and addresses and located the car that had allegedly been used to abduct the postal worker." *Id.* "USPIS intercepted three of the packages and obtained warrants to search them. All three tested positive for cocaine." *Id.*

On June 8, 2021, law enforcement officials set up an undercover operation and arrested Messrs. Medina, Hall, and Garay when they tried to collect these packages. *Id.* Following their arrest, the Government seized five cellphones from two of the individuals' cars. ECF No. 177-1 at 167-76. U.S. Postal Inspector Richard Atwood sought a search warrant to search the five cellphones. In an affidavit attached to his warrant application, Inspector Atwood stated that the Government sought "permission to search and seize things that the [cellphones] might contain relating to the drug trafficking activities of MEDINA, GARAY, HALL and others yet identified, in whatever form they are stored." *Id.* at 175-76.

Inspector Atwood noted that he had probable cause to believe that evidence relating to the drug trafficking charges could be found on the cellphones because the Defendants had been observed using and possessing the cellphones "to both conduct

surveillance on the Postal employee before abducting him, and to communicate on the dates of suspect parcel deliveries." *Id.* He also observed that law enforcement officials had recovered the cellphones while the Defendants "attempted to retrieve suspect parcels on June 8, 2021." *Id.* at 168-69.

Inspector Atwood opined that law enforcement officials' examination of the cellphones "may require … computer-assisted scans of the entire medium." *Id.* at 175. On June 10, 2021, U.S. Magistrate Judge Patricia A. Sullivan signed the search warrant (i.e., the "Five Phones Warrant"), authorizing the Government to search the cellphones and seize certain electronic evidence. *Id.* at 176.

The Defendants later moved to suppress the fruits of this search. ECF No. 134. The Court granted this motion based on a finding of a lack of probable cause, and it rejected the Government's good faith exception argument. ECF No. 262; *Medina*, 712 F. Supp. 3d at 263-64. However, the First Circuit later reversed this Court's ruling, finding that suppression was not warranted because Inspector Atwood executed the Five Phones Warrant in good faith. *See United States v. Medina*, 125 F.4th 310, 317-18 (1st Cir. 2025).

The Defendants now bring various motions to suppress evidence the Government obtained. Two of these motions relate specifically to evidence seized by the Government pursuant to the Five Phones Warrant. *See* ECF Nos. 347, 349. The Court addresses each of the motions in turn.

## II.    DISCUSSION

### A.    Mr. Medina, Ms. Parsons, and Mr. Garay's Motion to Suppress statements of codefendants without confrontation (ECF No. 346)[2]

Mr. Medina, Ms. Parsons, and Mr. Garay move to suppress the introduction of "any statement(s) of codefendants that constitute hearsay statements, outside of the scope of any alleged conspiracy, without confrontation."    ECF No. 346 at 1. Specifically, they have moved to preclude introduction of a phone call made between Irving Medina and a female acquaintance while Irving Medina was incarcerated.  *Id.* at 1 (citing Ex. A).  The Defendants have not pointed to any other statement besides this conversation in their motion.

The Government has stated that it does not intend to introduce Irving Medina's telephone conversation at trial.  ECF No. 357 at 1.  As such, the Court DENIES AS MOOT the Defendants' Motion to Suppress.  ECF No. 346.

### B.    Mr. Medina's Motion to Suppress evidence obtained from cell phone extraction (ECF No. 347)

Mr. Medina has moved to suppress "any/all evidence obtained from the forensic examination/cellular extraction of his phone."  ECF No. 347 at 1.  In his motion, Mr. Medina invokes Rule 41(e)(2)(A)(i) of the Federal Rules of Criminal Procedure, which provides that a warrant must be executed "within a specified time no longer than 14 days."  Fed. R. Crim. P. 41(e)(2)(A)(i).  Mr. Medina contends that the Government violated Rule 41(e)(2)(A)(i) because law enforcement officials searched his cellphone fifteen months after Magistrate Judge Sullivan first issued the Five Phones Warrant.

---

[2] Mr. Hall initially joined this motion, but as mentioned earlier, he has since entered a plea agreement.

ECF No. 347 at 1-2.  The Government counters that it could not have violated the Rule because officers seized Mr. Medina's cellphone at the time of his arrest and extracted electronic information from it on June 16, 2021—within six days of the Five Phones Warrant's issuance.  ECF No. 356 at 2.  The Government concedes that it conducted another search of the cellphone on September 12, 2022.  *Id.*

"[U]nder Rule 41, an execution period specified in a warrant applies to the time to seize the device or to conduct on-site copying of information from the device." *United States v. Cleveland*, 907 F.3d 423, 431 (6th Cir. 2018).  "[T]he warrant's execution date set[s] a deadline only for when the physical cellphone itself [has] to be seized, and not for when its data [has] to be extracted." *Id.*  "[O]nce the data is seized and extracted by law enforcement, the warrant is considered executed for purposes of Rule 41, and under Rule 41(e)(2)(B), law enforcement may analyze the data at a later date." *United States v. Vedrine*, Nos. 20-13259, 21-13624, 2022 WL 17259152, at *6 (11th Cir. Nov. 29, 2022); *see also United States v. Carrington*, 700 F. App'x 224, 232 (4th Cir. 2017) (finding that warrants "are deemed executed when the electronically stored information is seized and brought within the government's control, rather than when the information is analyzed by the government").

Here, the Government seized and searched Mr. Medina's cellphones well within the Rule's 14-day timeframe.  *Cleveland*, 907 F.3d at 431.  By then, the cellphone was "within the government's control" and its electronic information had been extracted, meaning that the Five Phones Warrant was deemed "executed" for the purposes of Rule 41.  *Vedrine*, 2022 WL 17259152, at *6; *Carrington*, 700 F. App'x

at 232.  To be sure, the Government extracted data from Mr. Medina's cellphone for the second time on September 12, 2022.  That said, the relevant date is the date when the cellphone was seized, *not* when the cellphone's electronic data was extracted. *Cleveland*, 907 F.3d at 431.  Because Mr. Medina's cellphone was already in the Government's possession when the second extraction occurred, then it is considered to have been seized and there is no violation of Rule 41(e)(2)(A)(i).

Even assuming there was a violation, the First Circuit has held that the party seeking suppression of the evidence under Rule 41 must demonstrate "legal prejudice." *United States v. Bonner*, 808 F.2d 864, 869 (1st Cir. 1986); *see also United States v. Syphers*, 426 F.3d 461, 469 (1st Cir. 2005).  In his motion, Mr. Medina has not alleged that he was prejudiced in any way by the Government's actions.

As a result, the Court DENIES Mr. Medina's Motion to Suppress.  ECF No. 347.

### C.    Mr. Medina's Motion to Suppress fingerprint evidence (ECF No. 348)

Mr. Medina has moved to suppress "the introduction of any evidence of or relating to fingerprint comparison."  ECF No. 348 at 1.  Mr. Medina takes specific issue with the Government's failure to produce its fingerprint expert's comparison materials or analytical notes, which Mr. Medina asserts is necessary to satisfy the foundational requirements of Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993).  *Id.*

Since filing this motion, the Government has provided Mr. Medina's counsel with an expert report and curriculum vitae of U.S. Postal Inspector Senior Forensic

Latent Print Analyst, Patricia Cornell. ECF No. 360 at 1. Ms. Cornell intends to testify that Mr. Medina's fingerprints were found on the packages of cocaine that were mailed from Puerto Rico to Rhode Island. *Id.*

Given that the fingerprint expert's materials have now been made available, the Court DENIES AS MOOT Mr. Medina's Motion to Suppress. ECF No. 348.

### D. Mr. Medina and Mr. Garay's Motion to Suppress cell phone extraction reports and related materials (ECF No. 349)[3]

Mr. Medina and Mr. Garay have moved to suppress certain information obtained from a search of their cellphones on the basis that the Five Phones Warrant failed to satisfy the Fourth Amendment's particularity requirement. ECF No. 349 at 6. They advance two arguments. First, Mr. Medina and Mr. Garay claim that the magistrate judge should have imposed search protocols to limit the Government's search of their cellphones. *Id.* at 5-6. Second, they challenge the Government's request for a "computer-assisted [scan] of the entire medium" of their cellphones as an overly broad search. *Id.* at 5 (quoting ECF No. 1 at 175). Beginning first with an overview of the Fourth Amendment's requirements, the Court will then analyze these two arguments in turn.

The Fourth Amendment requires that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. Known as the particularity requirement, this demands that a valid warrant: "(1) must supply enough information to guide and control the executing agent's judgment in

---

[3] Ms. Parsons is not a party to this Motion. In addition, Mr. Hall previously joined this Motion before entering his plea agreement.

selecting where to search and what to seize, and (2) cannot be too broad in the sense that it includes items that should not be seized." *United States v. Kuc*, 737 F.3d 129, 133 (1st Cir. 2013) (citing *United States v. Upham*, 168 F.3d 532, 535 (1st Cir. 1999)). The Supreme Court has recognized that the Fourth Amendment's protections extend to cellphones. *Riley v. California*, 573 U.S. 373, 403 (2014).

Beginning with Mr. Medina and Mr. Garay's first argument, neither the First Circuit nor the district courts in the circuit have interpreted the particularity requirement to require search protocols. *See, e.g.*, *United States v. Farlow*, No. CR-09-38-B-W, 2009 WL 4728690, at *5-7 (D. Me. Dec. 3, 2009) (finding that the "failure to impose a search protocol prohibiting a visual scan of image files" did not compel a finding that a warrant was overbroad); *United States v. Burdulis*, No. 10-40003-FDS, 2011 WL 1898941, at *7 (D. Mass. May 19, 2011) (rejecting defendant's argument that warrant that failed to require a "targeted search" of the contents to be searched was overbroad). Rather, the warrant process in this circuit "is primarily concerned with identifying *what* may be searched or seized—not how." *Upham*, 168 F.3d at 537; *see also Farlow*, 2009 WL 4728690, at *6-7. As such, Mr. Medina and Mr. Garay's "search protocol" argument is unavailing.

Turning to their overbreadth argument, "courts generally recognize that search warrants may authorize broad searches of electronic data on cellphones and computers, without violating the particularity requirement." *United States v. Jackson*, 642 F. Supp. 3d 235, 239 (D.R.I. 2022) (internal quotations and citations omitted). Indeed, both the First Circuit and the Supreme Court instruct that

language that appears broad in a warrant "must be read in context" and not merely in isolation. *Kuc*, 737 F.3d at 133 (citing *United States v. Abrams*, 615 F.2d 541, 547 (1st Cir. 1980)); *see also Andresen v. Maryland*, 427 U.S. 463, 480-81 (1976) (noting that broad statements in warrants must be read in context and together with the "search for and seizure of evidence relating to" the alleged crime, as well as the warrant's "lengthy list of specified and particular items to be seized").

Considering these principles, the at-issue phrase, "computer-assisted scans of the entire medium," must be read in the context of the entire sentence: "The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrants." ECF No. 177-1 at 175. This portion of the warrant application was accompanied by "Attachment B," which identified eight categories of electronic evidence to be seized from Mr. Medina and Mr. Garay's cellphones.[4] *See id.* at 178. Inspector Atwood stated that the Government was seeking this information because

---

[4] This electronic evidence included: (1) call logs; (2) address books and contact names; (3) text messages, SMS messages, MMS messages, WhatsApp messages, emails, or other communication forms among associates, including but not limited to Messrs. Medina, Garay, and Hall; (4) text messages and emails or other communication forms among Messrs. Medina, Garay, and Hall's family and friends concerning their whereabouts; (5) evidence of user attribution showing who used or owned the five cellphones at the time the things described in the Five Phones Warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords and browsing history, and documents; (6) Internet searches and history; (7) photographs or video of the Defendants and others unknown, to include any metadata showing the GPS coordinates where photographs or video images were created; and (8) photographs of parcels, parcel receipts and tracking information, redelivery slips, and/or images of controlled substances. *See* ECF No. 177-1 at 178.

it believed it related to "[e]vidence or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 846, and/or 843(b)."[5]  *Id.*

Taken altogether, the Five Phones Warrant sought permission to search only for those eight enumerated categories of information within Mr. Medina and Mr. Garay's cellphones.  Furthermore, the magistrate judge found that, based on Inspector Atwood's observations, training, and experience, there was probable cause to believe that these categories of information related to the criminal activities that Mr. Medina and Mr. Garay were alleged to have committed.  ECF No. 177-1 at 168-71.  True, Inspector Atwood noted that "computer-assisted scans of the entire medium" may be required—and this encompasses a vast amount of electronic information.  *See Riley*, 573 U.S. at 393-94 ("One of the most notable distinguishing features of modern cell phones is their immense storage capacity.").

However, "that a digital seizure of such immense storage capacity will reveal files containing irrelevant information is hardly novel," considering that "traditional searches for paper records, like searches for electronic records, have always entailed the exposure of records that are not the objects of the search to at least superficial examination in order to identify and seize those records that are." *United States v. Klyushin*, 643 F. Supp. 3d 261, 270 (D. Mass. 2022) (internal citations and quotations omitted).  Thus, that the Government searched Mr. Medina and Mr. Garay's cellphones does not violate the particularity requirement, so long as its search was

---

[5] Ultimately, the Defendants were charged under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, but they were not charged under 21 U.S.C. § 843(b).  *See* ECF No. 81.

limited to the categories of information relating to the crimes that the Defendants were suspected to have committed. *See United States v. Timpani*, 665 F.2d 1, 5 (1st Cir. 1981) (finding no particularity problem with approach that breaks items into categories, each of which "plausibly relate to the crime," and then segregating the 'innocent' from the 'culpable' in the form of requiring a connection with a specific identifiable crime"); *see also United States v. Kanodia*, No. 15-cr-10131-NMG, 2016 WL 3166370, at *5 (D. Mass. June 6, 2016) (same); *United States v. Tsarnaev*, 53 F. Supp. 3d 450, 456-57 (D. Mass. 2014) (same).

In sum, there is no evidence that the Government, in executing its search of the cellphones, did anything that the First Circuit has not explicitly endorsed. Accordingly, the Court DENIES Mr. Medina and Mr. Garay's Motion to Suppress. ECF No. 349.

### E.    Mr. Medina's Motion in Limine to admit FRE 609 evidence (ECF No. 364)

Mr. Medina has moved to allow cross-examination of the USPS employee that the Defendants are accused of kidnapping. ECF No. 364. Specifically, Mr. Medina wants to cross-examine the employee about: (1) the employee's August 2005 arrest for breaking and entering and for violation of an abuse prevention order; and (2) the employee's January 2005 conviction for domestic simple assault and battery. *Id.* at 1. Mr. Medina argues that this cross-examination is necessary to assess the USPS employee's "credibility, bias, and motive, and to provide the jury with appropriate context for evaluating his testimony." *Id.* He further asserts that this inquiry into the employee's prior criminal conduct "has probative value that is not substantially

outweighed by the danger of unfair prejudice" in accordance with Rules 403 and 608(b) of the Federal Rules of Evidence.  *Id.*

The Court begins first with Rule 608(b), which permits a party, on cross-examination, to inquire into a witness's specific instances of conduct "if they are probative of [the witness's] character for truthfulness or untruthfulness." *Lech v. von Goeler*, 92 F.4th 56, 65 (1st Cir. 2024) (quoting Fed. R. Evid. 608(b)).  Here, the Court agrees with the Government that neither the arrest nor the conviction from over twenty years ago seem to be probative of the employee's character for truthfulness or untruthfulness.  ECF No. 366 at 2.  At least with regard to the assault conviction, the First Circuit has observed that it is not readily apparent how that offense relates to a witness's character for truthfulness.  *See United States v. Meserve*, 271 F.3d 314, 328 (1st Cir. 2001).  It follows that the employee's arrest for breaking and entering and for violation of an abuse prevention order also has little to do with truthfulness.

The conviction that Mr. Medina seeks to bring in for cross-examination purposes faces another problem under Rule 609(b), which bars the admission of convictions if "the conviction was obtained or the defendant was released from incarceration over ten years ago." *United States v. Tetioukhine*, 725 F.3d 1, 9 (1st Cir. 2013) (citing Fed. R. Evid. Rule 609(b)).  This evidence can be admitted only if "its probative value … substantially outweighs its prejudicial effect." *Id.* (quoting Fed. R. Evid. Rule 609(b)(1)).  Here, the probative value of a twenty-year-old conviction for domestic simple assault and battery is low, given that it bears little to no relation to the employee's credibility, bias, or motive.

If Mr. Medina can later show that this conviction is relevant to the employee's credibility and satisfies Rules 403 and 609, then the Court will entertain that motion. However, for now, the Court DENIES WITHOUT PREJUDICE Mr. Medina's Motion in Limine. ECF No. 364.

### F.    Mr. Medina's Motion in Limine to preclude evidence of drug possession by co-defendant Irving Medina (ECF No. 365)

Mr. Medina has moved to suppress "any testimony and/or reference to the items seized from the residence of co-defendant Irving Medina, specifically narcotics, packaging materials, and cutting agents." ECF No. 365 at 1. He argues that this evidence is "irrelevant, not attributable to Defendant Edgar Medina, and highly prejudicial" in violation of Rule 403 of the Federal Rules of Evidence. *Id.*

In its Response, the Government stated that it has "redacted any pictures of narcotics, packaging materials, and cutting agents" from any exhibits from Irving Medina's residence that it intends to introduce at trial. ECF No. 367 at 1. As such, the Court DENIES AS MOOT Mr. Medina's Motion in Limine. ECF No. 365.

## III.    CONCLUSION

For all these reasons, the Court rules as follows:

1.    Mr. Medina, Ms. Parsons, and Mr. Garay's Motion to Suppress evidence obtained from cell phone extraction is DENIED (ECF No. 346).
2.    Mr. Medina's Motion to Suppress evidence obtained from cell phone extraction is DENIED (ECF No. 347).
3.    Mr. Medina's Motion to Suppress fingerprint evidence is DENIED AS MOOT (ECF No. 348).
4.    Mr. Medina and Mr. Garay's Motion to Suppress cell phone extraction reports and related materials is DENIED (ECF No. 349).
5.    Mr. Medina's Motion in Limine to admit FRE 609 evidence is DENIED WITHOUT PREJUDICE (ECF No. 364).

6.    Mr. Medina's Motion in Limine to preclude evidence of drug possession by co-defendant Irving Medina is DENIED AS MOOT (ECF No. 365).


IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____

John J. McConnell, Jr
Chief Judge
United States District Court

January 20, 2026